UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW JOHNSON,

    Plaintiff,                                        Hon. Robert J. Jonker

v.                                                                         Case No. 1:15-cv-74

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 48 years of age on his alleged disability onset date. (Tr. 161). He successfully completed college and worked previously as a marketing manager and district manager. (Tr. 8, 76). Plaintiff applied for benefits on May 22, 2012, alleging that he had been disabled since May 16, 2012, due to frontal lobe cortical dysphasia, HIV, "cognitive recognition," short term memory loss, dyslexia, peripheral neuropathy, and depression. (Tr. 161-67, 192). Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 82-155). On July 2, 2013, Plaintiff appeared before ALJ James Prothro with testimony being offered by Plaintiff and a vocational expert. (Tr. 1-46). In a written decision dated September 18, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 65-77). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 47-52). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) HIV type I; (2) distal polyneuropathy; (3) mild cognitive deficits with verbal memory deficits and word finding deficits; (4) sleep apnea; (5) carpal tunnel syndrome with use of brace; (6) depression; (7) anxiety; and (8) history of alcohol abuse, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 67).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform work subject to the following limitations: (1) he can lift 10 pounds frequently and 20 pounds occasionally; (2) during an 8-hour workday with normal breaks, he can stand/walk for 6 hours and sit for 6 hours; (3) he can push/pull, operate hand/foot controls, and reach in any direction (including overhead) without limitation; (4) he can stoop, kneel, crouch, crawl, and feel without limitation; (5) he can frequently balance and climb ramps/stairs; (6) he can frequently perform gross and fine manipulation activities with his right hand; (7) he can occasionally climb ladders, ropes, and scaffolds; (8) he should avoid concentrated exposure to vibration and extreme cold; and (9) he is limited to simple, routine tasks with no fast-paced production standards. (Tr. 70).

The ALJ found that Plaintiff cannot perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a

vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed more than one million jobs in the United States which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (Tr. 37-42). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.  **The Medical-Vocational Guidelines**

The medical-vocational guidelines, also known as the "grids," consider four factors relevant to a particular claimant's employability: (1) residual functional capacity, (2) age, (3) education, and (4) work experience. 20 C.F.R., Part 404, Subpart P, Appendix 2. Social Security regulations provide that "[w]here the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." 20 C.F.R., Part 404,

Subpart P, Appendix 2, § 200.00. In other words, a claimant may be awarded benefits if he satisfies the requirements of one of the particular rules correlating to a finding of disability. *See Russell v. Commissioner of Social Security*, 20 F. Supp.2d 1133, 1134 (W.D. Mich. 1998).

Plaintiff argues that the ALJ erred by not finding him disabled pursuant to Rule 201.04 of the grids. Plaintiff's argument is unpersuasive for two reasons. First, Rule 201.04 applies to claimants of "advanced age," defined as age "55 and over." 20 C.F.R., Part 404, Subpart P, Appendix 2 § 201.00(d). Plaintiff, however, was only 50 years of age on the date of the ALJ's decision. Second, Rule 201.04 applies to claimants whose previous work experience is unskilled. Plaintiff's past relevant work, as the ALJ correctly determined, was skilled or semiskilled. As Rule 201.04 is inapplicable in this matter, this particular argument is rejected.

**II.                The ALJ's Evaluation of Lay Witness Evidence**

In support of his claim for disability benefits, Plaintiff submitted written statements from several co-workers. (Tr. 256-62). The ALJ afforded these statements only limited weight on the ground that such were inconsistent with the medical evidence as well as Plaintiff's treatment regimen and reported activities. (Tr. 75). Plaintiff argues that the ALJ's assessment of the statements in question constituted "reversible error."

Opinions expressed by non-treating sources such as Plaintiff's co-workers are not entitled to any deference and the ALJ is not required to articulate good reasons for discounting such. *See, e.g., Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir. 2007). Instead, the ALJ is simply required to consider such opinions and accord such the weight he finds appropriate. *See, e.g., Engebrecht v. Commissioner of Social Security*, 572 Fed. Appx. 392, 397-98 (6th Cir., July

14, 2014). The ALJ considered the opinions in question and afforded such limited weight for reasons supported by the record. Accordingly, this argument is rejected.

**III.        The Treating Physician Doctrine**

Plaintiff alleges that he is entitled to relief because the ALJ failed to properly assess the opinions expressed by two of his treating physicians. The Court only partly agrees.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

A. Mary Jo Thiel, Ed.D.

In a letter dated May 16, 2013, Dr. Thiel offered the following comments concerning her treatment of Plaintiff:

> Matthew Johnson has been a client in my outpatient psychotherapy practice since 4/19/12. I have seen him for 39 sessions to date. He was referred to me by one of his medical doctors for cognitive behavioral counseling and to help him make the transition from work to retirement. I do not keep narrative case notes and am therefore providing a brief summary of treatment.
>
> In working with Matt, I have observed that he is often in pain, has problems with short-term memory and sometimes experiences cognitive confusion, especially with respect to numbers. He is aware that all of these issues will get worse and that he will never regain his previous level of functioning. Our therapy, therefore, is largely focused on coping with these losses and on self-care. In addition, we are exploring issues around identity, sense of purpose and focus, and fulfillment connected with no longer working in a professional capacity.

(Tr. 458).[2]

Dr. Thiel was also provided a "Work Capacity Evaluation (Mental)" form designed to assess a claimant's limitations in 26 separate categories encompassing (1) understanding and memory, (2) sustained concentration and persistence, (3) social interaction, and (4) adaptation. (Tr. 454-57). Dr. Thiel declined to complete this assessment on the ground that she could not "provide this type of assessment." (Tr. 455). Instead, the doctor merely indicated that Plaintiff was unable to sustain work activity on a regular basis. (Tr. 457).

The ALJ afforded only "partial weight" to Dr. Thiel's opinion on the ground that the doctor provided no detailed or specific findings regarding Plaintiff's ability to function, but instead merely concluded that Plaintiff was unable to work full time. (Tr. 75). To the extent Dr. Thiel opined that Plaintiff cannot work, such is entitled to no deference because the determination of disability is a matter left to the commissioner. *See* 20 C.F.R. § 404.1527(d)(1). With respect to the remainder of Dr. Thiel's opinion, the ALJ accurately observed that the doctor failed to articulate any specific limitations from which Plaintiff allegedly suffered. In sum, the ALJ's rationale for discounting Dr. Thiel's opinion is supported by substantial evidence.

---

[2] Dr. Thiel previously authored an almost identical letter dated July 2, 2012. (Tr. 328).

B. Dr. Frank Palella

On May 16, 2012, Dr. Palella completed a physician statement form. (Tr. 427-29). As part of this form, the doctor was asked to identify Plaintiff's "CURRENT PHYSICAL RESTRICTIONS (activities patient should not do) and/or PHYSICAL LIMITATIONS (activities patient cannot do)" to which Dr. Palella responded:

> activities requiring manual dexterity, fine motor coordination or repeated movement of hands or upper extremities

(Tr. 428).[3]

Dr. Palella's opinion is in direct contradiction with the ALJ's determination that Plaintiff can: (1) push/pull, operate hand/foot controls, and reach in any direction (including overhead) without limitation and (2) frequently perform gross and fine manipulation activities with his right hand. The ALJ resolved this conflict by discounting Dr. Palella's opinion. However, the ALJ's rationale for discounting Dr. Palella's opinion, specifically that the doctor "made no findings with regard to [Plaintiff's] physical residual functional capacity," is contradicted by the doctor's statement quoted above. Dr. Palella did identify certain activities which Plaintiff could not perform. While Dr. Palella could have articulated his conclusions with a bit more specificity, any shortcoming in this regard is of no consequence as the doctor's opinion is in clear contradiction with the aforementioned portions of the ALJ's RFC determination. Accordingly, the Court finds that the ALJ's rationale for discounting Dr. Palella's opinion is not supported by substantial evidence.

---

[3] Defendant argues that there is a relevant distinction between activities which an individual "cannot" do and activities which he "should not" do. The Court is not persuaded as both categories represent activities which an individual would be unable to perform on a regular and continual basis. Moreover, even there does exist a relevant distinction between the two categories, Defendant has identified no authority which provides that benefits can be denied based upon a finding that a claimant can be deemed capable of performing activities which a treating physician has concluded are adverse to the claimant's health and well-being.

**IV.       The ALJ's Hypothetical Question to the Vocational Expert**

At the administrative hearing, the vocational expert testified that if Plaintiff were limited to the extent articulated by Dr. Thiel, there did not exist any work which Plaintiff could perform. (Tr. 42-43). Plaintiff argues that the ALJ erred by failing to find, based upon this testimony, that he was disabled. As discussed above, however, the ALJ properly discounted Dr. Thiel's opinion. Accordingly, this argument is rejected.

**V.       Remand is Appropriate**

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.

The record fails to establish that Plaintiff is entitled to an award of benefits as there does not exist overwhelming evidence that he is disabled. Moreover, resolution of Plaintiff's claim requires the resolution of factual disputes which this Court is neither authorized nor competent to undertake in the first instance.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: December 15, 2015

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge