UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MATTHEW L. JOHNSON,

                                                 Hon. Robert J. Jonker
                                                 Case No. 1:15-cv-74

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 25.) Plaintiff's counsel seeks $15,600.00 in fees, as detailed in his motion. Defendant has responded, stating that he does not object to counsel's request, so long as he is ordered to reimburse Plaintiff the Equal Access to Justice Act (EAJA) fee that the Court previously awarded. (ECF No. 27.) Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **GRANTED**.

On January 13, 2016, the Court remanded this matter to the Commissioner for further administrative proceedings. (ECF Nos. 21, 22.) On February 24, 2016, the Court awarded Plaintiff $5,136.25 in EAJA fees. (ECF No. 24.) Plaintiff was subsequently awarded disability benefits, including past-due benefits of $176,925.60, twenty-five percent of which, $44,231.25, was withheld to pay counsel. (ECF No. 25-1 at PageID.649.) Counsel submits the present motion seeking an award pursuant to the contingent fee arrangement into which he and Plaintiff entered. (*Id.* at PageID.652.) According to this agreement, Plaintiff agreed to pay counsel a fee not greater than twenty-five percent of any past-due benefits he ultimately received. (*Id.*)

The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant. . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). There exists "a rebuttable presumption of reasonableness to contingency-fee arrangements that comply with § 406(b)'s 25-percent cap." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). Nevertheless, counsel is not automatically entitled to 25 percent of his client's past-due benefits. Instead, the Court has an independent obligation to assess the reasonableness of a request for attorney fees. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("§ 406(b) calls for court review of [contingent-fee agreements] as an independent check, to assure that they yield reasonable results in particular cases"). The burden to establish that a fee request is reasonable rests with counsel. *Id.*

Counsel is seeking $15,600.00 for work performed in this Court. Counsel asserts that he is also seeking $10,000.00 in fees for work performed before the Commissioner.[1] These two amounts combined equal less than twenty-five percent of Plaintiff's past-due benefits. While the requested award equates to a significant hourly rate ($500), counsel should not be punished for obtaining exemplary results in an efficient manner. *See, e.g., Kazanjian v. Astrue*, No. 09 civ. 3678(BMC), 2011 WL 2847439 at *2 (E.D.N.Y. July 15, 2011) (where counsel requested more than $48,000 in Section 406(b) fees for less than 20 hours work, the court observed that counsel "should not, however, be penalized for being efficient, which is exactly what I would be doing if I cut his

---

[1] The Court offers no opinion as to any fee request counsel may advance in another forum, as this Court can only resolve fee requests concerning work performed in this Court. *See* 42 U.S.C. § 406(a)-(b); *Van Horn v. Comm'r of Soc. Sec.*, 2014 WL 4063871 at *2 (W.D. Mich. Aug. 18, 2014) (stating that "[t]his court cannot award plaintiff's attorney anything under section 406 for the work he performed at the administrative level").

requested fee"). The Court must also take into consideration the general risk associated with contingent fee cases. *See, e.g., Ballatore v. Comm'r of Soc. Sec.*, No. 11-15335, 2015 WL 5830836 at *5 (E.D. Mich. Aug. 5, 2015) (one consideration in the windfall analysis is whether counsel obtained a large award with minimal risk). Considering all the relevant circumstances, the Court finds counsel's request to be reasonable.

While counsel is entitled to receive a portion of Plaintiff's past-due benefits, an award pursuant to Section 406(b) must account for any amount previously paid to counsel pursuant to the EAJA. *See Gisbrecht*, 535 U.S. at 795-96 (observing that where counsel receives a fee award pursuant to both the EAJA and 42 U.S.C. § 406(b), he must "[r]efund to the claimant the amount of the smaller fee"). The Court previously awarded Plaintiff $5,136.25 in EAJA fees. (ECF No. 24.) Counsel acknowledges that this amount must now be refunded to Plaintiff. (ECF No. 25 at PageID.642.)

Therefore, I recommend that Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 25) be **GRANTED** and that counsel be ordered to refund to Plaintiff $5,136.25 for previously awarded EAJA fees.

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: September 15, 2020                                    /s/ Sally J. Berens
                                                              SALLY J. BERENS
                                                              U.S. Magistrate Judge